**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cr-20181-ALTMAN**

**UNITED STATES OF AMERICA**

*v.*

**TRENTON RICHARD DAVID JOHNSTON,**

*Defendant.*
_______________________________________________/

**PROTECTIVE ORDER GOVERNING DISCLOSURE OF SENSITIVE INFORMATION**

The Government has filed a motion for a protective order [ECF No. 30] ("Motion"). In the Motion, the Government asks the Court to regulate the disclosure to defense counsel of sensitive information. *Ibid.* Having found good cause, the Court hereby **ORDERS** and **ADJUDGES** as follows:

(1) The Motion [ECF No. 30] is **GRANTED**.

(2) The Government shall disclose to defense counsel sensitive information in its possession as it deems necessary to comply with its discovery obligations.

(3) Counsel for the defense shall possess the sensitive material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

(4) Employees of defense counsel may possess the sensitive material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

(5) Defense-contracted third parties providing investigative services, expert analysis, or testimony may possess the sensitive material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

(6) Counsel for the defendants shall ensure that the defendants, and any third party who obtains

access to the sensitive material responsive to the Standing Discovery Order, are provided a copy of the Court's Order. Third parties who obtain access to, or possession of, the sensitive material responsive to the Standing Discovery Order shall not retain such access or possession unless authorized by the Court's order. Any third party who obtains access to, or possession of, the sensitive material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to, or possession of, the sensitive material responsive to the Standing Discovery Order to assist in the preparation of the case.

(7) The defendants shall not maintain sensitive discovery materials at the Federal Detention Center or other jail facility without defense counsel present in order to prevent the purposeful or unintentional dissemination of discovery. The defendants may review sensitive discovery materials without defense counsel present only after defense counsel provides the defendants with properly redacted copies of requested document(s).

(8) Defense counsel agrees that, when this case is over, it will destroy (or return to the Government) the discovery it received.[1]

(9) Counsel for the Government and for the defendants shall promptly report any known violations of the Court's order to the Court.

**DONE AND ORDERED** in the Southern District of Florida on May 19, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

[1] The case will be considered over at the conclusion of any appellate and § 2255 proceedings or, if the Defendant doesn't appeal or file a habeas petition, when the period for appealing or filing a habeas petition has expired.