**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20181-CR-ALTMAN**

**UNITED STATES OF AMERICA**

**v.**

**TRENTON RICHARD DAVID JOHNSTON,**

**Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Trenton Richard David Johnston (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) and 1957(a). The elements of 1956(h) are: (a) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1957; and (b) the defendant knew about the plan's unlawful purpose and voluntarily joined in it. PATTERN CRIM. JURY INSTR. 11TH CIR. O74.5 (December 2025). The elements of 1957(a) are: (a) the defendant knowingly engaged or attempted to engage in a monetary transaction; (b) the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity; (c) the property had a value of more than $10,000; (d) the property was in fact proceeds of wire fraud as alleged in the Indictment; and (e) the transaction took place in the United States. PATTERN CRIM. JURY INSTR. 11TH CIR. O74.6 (December 2025).

1

2. This Office agrees to seek dismissal of the remaining counts of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), as well as other facts enumerated in Title 18, United States Code, Section 3553(a). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years. The Court may impose a fine of up to $250,000 or twice the amount of

2

criminally deprived property involved in the transactions, whichever is greater, and may order criminal forfeiture and restitution.

5.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as the sentence to be imposed:

    a) Base Offense Level: The defendant's total offense level is 27 in accordance with U.S.S.G § 2S1.1 and § 2B1.1, as follows:

        i.     The base level is 6 in accordance with U.S.S.G § 2S1.1(a)(1), 2B1.1(a)(2);

        ii.    The offense level for the underlying offense shall be increased by 18 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(H) because loss amount was more than

$5,000,000. *See* Adopted Amendments to United States Sentencing Guidelines (Effective November 1, 2026). The parties agree to apply the November 2026 Adopted Amendments as to U.S.S.G. § 2B1.1.

b) Special Offense Characteristics: The defendant's offense level shall be increased by 1 level pursuant to U.S.S.G. § 2S1.1(b)(2)(A) for a conviction under Title 18, United States Code, Section 1957.

    i.    The defendant's offense level shall be increased by 2 levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A).

    ii.    The defendant's offense level shall be increased by 2 levels pursuant to U.S.S.G. § 2S1.1(b)(3).

c) Zero Point Offender: The defendant's offense level shall be decreased by 2 levels pursuant to Section 4C1.1 of the Sentencing Guidelines.

d) Total Offense Level: The defendant's total offense level is 27. The defendant has a criminal history category of I.

8. The Office agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty,

thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Office, however, will not be required to make this motion if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official, or (d) fails to fully assist in the forfeiture of assets as set forth in this plea agreement.

9.      Based on a criminal history category of I and a total offense level of 27, the defendant's advisory sentencing guideline range is 51-63 months of imprisonment after an adjustment for acceptance of responsibility.

10.      The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes. The defendant further agrees not

to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the United States.

11.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13.     In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing

6

with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1), subject to any extension of time agreed upon between the parties or ordered by the Court.

14.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

15.     The defendant agrees that the following assets will be turned over, liquidated or sold by an appointed receiver and the funds will be applied to the criminal restitution judgment without objection:

> i. All virtual currency seized on or about June 4, 2026, and formerly held in wallet addresses beginning with 0xd0314dCB, 0x8207aB93, and bc1qz517yt, including, but not limited to, approximately 53.16 Bitcoin and 275.23 Ethereum, and any and all new virtual currencies deriving therefrom.

   ii. One Hermes Birkin Black Togo Leather GHW Bag;

   iii. $16,362 in United States currency.

16. The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement,

8

the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18.     The Office and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph 1, the factual basis set forth in the Factual Proffer does not purport to represent all facts and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not intended to identity all knowledge the defendant might have of the unlawful activity of other individuals.

19.     Effective as of the date the defendant signs the agreement and the Factual Proffer, and notwithstanding any other subsequent event, including but not limited to in the event the defendant fails to plead guilty, or the defendant withdraws (or attempts to withdraw) from this agreement, or should the Office, in their sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Office will be released from their obligations under this agreement, and the defendant agrees and understands that:

   a.   the defendant hereby waives any protection afforded by a proffer letter agreement between the parties;

   b.   The defendant will not assert any claim under the Federal Rules of Evidence (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of

9

Criminal Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United States Sentencing Guidelines (including U.S.S.G. § 1B1.1(a)) that the Factual Proffer entered into in connection with this Plea Agreement should be suppressed or is otherwise inadmissible as evidence (in any form);

c.  any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Office;

d.  the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or the Office; and

e.  the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States as substantive evidence offered by the government on cross-examination; and evidence at any sentencing hearing or other hearing;

20.     This plea resolves the defendant's federal criminal liability with regard to the Office for conduct related to that described by the Factual Proffer except criminal tax liability (as to which the Offices do not have the authority to make any agreement). The defendant understands that this agreement is binding only as to the Offices and only relating to conduct described in the Factual Proffer.

21.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

22.     The defendant agrees to the Removal Order (the "Order") issued by Immigration Judge Christina Martyak on April 15, 2026, that found the defendant removable/inadmissible to the United States, and to be removed to Canada. Specifically, the defendant agrees that he is a native and citizen of Canada and is removable from the United States pursuant to Title 8, United States Code, Section 1227.

23.     From this Order, the defendant agrees to assist ICE in the execution of his Order. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

This is the entire agreement and understanding between the Office and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: _____          By: _____
                             JACKSON K. DERING V
                             ASSISTANT UNITED STATES ATTORNEY

Date: 6.09.2026          By: _____
                             BROOKE WATSON
                             COUNSEL FOR THE DEFENDANT

Date: 6/09/2026          By: _____
                             TRENTON RICHARD DAVID JOHNSTON
                             DEFENDANT

12