UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  26-20181-CR-ALTMAN/HERNANDEZ

UNITED STATES OF AMERICA,

v.

TRENTON RICHARD DAVID JOHNSTON,

Defendant.

_____/

**REPORT AND RECOMMENDATION**
**FOLLOWING CHANGE OF PLEA HEARING**

THIS CAUSE is before the Court upon Order of Reference from United States District Judge Roy K. Altman.  A change of plea hearing was held on June 9, 2026, which was attended by the Defendant, his counsel, and the prosecutor.

1.     The Court found the Defendant competent to proceed with a change of plea colloquy.

2.     The Court advised the Defendant of the right to have the hearing conducted by the presiding United States District Judge assigned to the case.  The Court further advised the Defendant that, regardless of who conducted the plea hearing, the sentence would be imposed by the presiding United States District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing.  The Defendant and the Government consented to the undersigned judge conducting the change of plea hearing.

1

3.     The Court then conducted a plea colloquy in accordance with the outline set forth in the Benchbook for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4.     A written plea agreement has been entered into by the parties and made part of the record.  This Court reviewed the plea agreement and had the Defendant acknowledge signing the plea agreement.  This Court also advised the Defendant of the statutory maximum penalties and any minimum mandatory sentences which could be imposed in this case.

5.     The Defendant acknowledged being fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney – including the discovery, potential defenses, and the consequences of a guilty plea.

6.     The Defendant pled guilty to Count 2 of the Indictment, which charges him with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

7.     The Court also found that the Defendant knowingly, voluntarily, and intelligently waived his right to appeal certain aspects of the sentence.

8.     The parties submitted an agreed written factual basis for the plea, which was signed by the Defendant, his counsel, and the Government.  This factual proffer includes all essential elements of the offenses to which the Defendant pled guilty.  The written factual basis was made part of the record.  The Government orally summarized the factual basis for the plea on the record, including the

essential elements of each offense.  Defendant acknowledged that he signed the factual proffer and that all the statements contained therein are true.

9.      Defendant has been referred to the United States Probation Office for the preparation of a pre-sentence investigation report.  The sentencing hearing will be conducted at a time scheduled by separate order by the United States District Judge.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned RECOMMENDS that the Defendant, TRENTON RICHARD DAVID JOHNSTON, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Count 2 of the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Judge for the Southern District of Florida, within **THREE (3) DAYS**[1] of being served with a copy of this Report and Recommendation.  Failure to timely file objections

---

[1] At the change of plea hearing, both parties agreed to a truncated objections period of three days.  *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, at *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Ent., Inc. v. Diaz World Trade Grp., Inc.*, No. 22-CV-23189, 2023 WL 2917752, at *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period).

shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

If counsel do not intend to file objections, they shall file a notice advising the District Court as soon as practicable.

**DONE and RECOMMENDED** in the Southern District of Florida on June 9, 2026.

_____
YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE

4