**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,** **Case No. 1:26-cr-20181-RKA**

**Plaintiff,**

**vs.**

**BRANDON TARDIBONE,**

**Defendant.**
_________________________________/

**DEFENDANT BRANDON TARDIBONE'S**
**MOTION FOR DOWNWARD VARIANCE**
**PURSUANT TO THE TITLE 18 U.S.C. §3553(a) FACTORS**

**COMES NOW** the Defendant, **BRANDON TARDIBONE**, by and through his undersigned counsel, and presents herewith, his Motion for Downward Variance pursuant to the Title 18 U.S.C. §3553(a) Factors, and states as follows:

## INTRODUCTION

At the start, it should be clear that Brandon Tardibone is sincerely remorseful for his criminal conduct and acknowledges that the offense to which he has entered his plea of guilty is of a serious nature. Further, the Defendant wholly realizes the impact his poor decision to become involved in this criminal conduct will have upon his family and his future and knows that he has nobody to blame but himself.

The United States Supreme Court has stated that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 589 (2007); *United States v. Dixon,* 718 Fed. Appx. 873 (11th Cir. 2017).

It is the sincere desire that this Honorable Court will examine Brandon Tardibone's "human failings" along with the other aspects of his life and find that a sentence below the Government's proposal to reduce to reduce the Defendant's sentence by 30% of the low-end of the advisory sentencing guideline range is appropriate in this situation.

**PROCEDURAL BACKGROUND**

1. On June 9, 2026, the defendant pled guilty to Count Two of a two count Indictment. Count Two charges him with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) and 1957(a). [D.E. 53].

2. On October 21, 2026, the United States filed a § 5K1.1 motion for a 30% reduction of Mr. Tardibone's sentence. [D.E. 70]

3. The Presentence Investigation Report provides at paragraph 133, as follows: "Guideline Provisions: Based upon a total offense level of 18 and a criminal history category of I, the guideline imprisonment range is 27 to 33 months." [D.E. 63]

4. The Defendant has not filed Objections to the Presentence Investigation Report, therefore there are no issues in that regard for the Court's consideration.

5. The sentencing hearing is presently scheduled for Wednesday, October 26, 2026 at 11:30 P.M. [D.E. 68]

6. The within Motion for Downward Variance pursuant to the Title 18 U.S.C. §3553(a) Factors is submitted in the utmost of good faith and in the interest of justice.

**THE HISTORY AND CHARACTERISTICS OF BRANDON TARDIBONE THAT WARRANT CONSIDERATION**

Title 18 U.S.C. §3553(a)(1) provides that the court in fashioning the appropriate sentence to be imposed, shall consider "*the nature and circumstances of the offense and the history and*

*characteristics of the defendant*."

With regard to the history and characteristics of the Defendant, the Presentence Investigation Report prepared by the very capable Probation Officer more than adequately sets out the family history and personal information of the Defendant. However, there are some significant points that should be highlighted and which warrant consideration as set forth below.

**Brandon Tardibone's Genuine Remorse**

As noted above, Brandon Tardibone is sincerely remorseful for his criminal conduct and wholly realizes the impact his poor decision to become involved in this criminal conduct will have upon his family and his future.

A court may vary downward based on "personal factors" including "genuine remorse." *United States v. Gomez-Martinez,* 569 Fed. Appx. 777 (11th Cir. 2014). The 11th Circuit has long recognized that an offenders' "statement of remorse" is directly related to both 'the nature and circumstances of the offense and the history and characteristics of the defendant,' within the meaning of §3553(a)(1)." *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006). As will be established at the sentencing hearing, Mr. Delapaz is exceptionally remorseful for his unlawful conduct.

Sentencing courts have observed that "exhibition of genuine remorse for his criminal behavior during his allocution" supported a downward variance. *See* e.g. *United States v. Burrus*, No. CR 19-284, 2020 WL 3799753, at *2 (W.D. Pa. July 7, 2020); *United States v. Baker*, 502 F.3d 465 (6th Cir. 2007) (affirming a variance in a firearms case from a Guideline range of 27-33 months to probation for his family caregiver role and remorse). Other courts have noted that in supporting the granting of a motion for reduction of sentence under the First Step Act that:

"Perhaps most significant, the defendant has expressed remorse for his conduct." *United States v. Cheese*, No. CR ELH-98-259, 2020 WL 3618987, at (D. Md. July 2, 2020). As the Court knows, rehabilitation and refraining from further criminal conduct is unlikely without true remorse.

***The Defendant's Business and Restitution***

The Defendant, Brandon Tardibone, runs an automotive customization and rental business for high end exotic cars. The Defendant's business is his sole source of income and the primary means of repayment of any restitution. The business is entirely based on the personal relationships that Mr. Tardibone has built over many years. If the Defendant is incarcerated for an extended period of time, the entire business will shut down.

The United States is well aware of the financial issues the business faced and vehicles being illegally seized as the consequence of Mr. Tardibone's brief incarceration earlier in this case. While Mr. Tardibone has taken steps to protect his business in the future, any extended incarceration will force the business to close. Mr. Tardibone hopes to keep this business in operation in order to pay restitution back as soon as possible.

The Court has taken into consideration the ability for a Defendant to work and repay restitution and a legitimate reason for a downward variance pursuant to §3553(a). *United States* v. *Cole*, 759 F.3d 862 (8th Cir. 2014); *United States* v. *Rangel*, 697 F.3d 795 (9th Cir. 2012). The Court today should permit a downward variance below the Government's requested reduction in order to assist the Defendant repaying restitution.

**Recidivism, Retribution, Deterrence, and the Need to Protect the Public**

Both the Sentencing Guidelines and 18 U.S.C. §3553(a) require the sentencing Court to consider the characteristics of the defendant that make it more or less likely that the Defendant will re-offend. Brandon Tardibone does not need to be imprisoned for a lengthy period to see the

errors of his ways. He has disgraced himself among his friends and family. The Defendant is a successful small business owner with a minor criminal record suggesting that there is an extremely low probability of recidivism. Additionally, he does not pose a future risk of danger to his community or society.

One of the purposes of sentencing is to exact a measure of retribution from Mr. Tardibone and to send a message of general deterrence. In this case a sentence below the applicable guidelines range would be sufficient to provide the required measure of general deterrence and retribution. Here, the need to protect the public from Brandon Tardibone's future criminal acts is lessened because his likelihood of engaging in future criminal activity is extremely low. He is a 29-year-old successful business owner with a long-term girlfriend.

According to various studies conducted by the U.S. Sentencing Guidelines Commission, Mr. Tardibone has an exceptionally low risk of recidivism. For example, these studies have shown that for all offenders with zero criminal history points and no prior contact, the recidivism rate is 25.7%. See *U.S. Sentencing Commission, The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders*, (March 2017).

Prior to becoming involved in this criminal activity, Brandon Tardibone demonstrated his ability and desire to live a law-abiding life as small business owner. He owns a successful automotive customization and rental car agency for exotic vehicles. He lives with and supports his live-in girlfriend. Further, he would submit that he does not pose a danger to society, and that a lengthy term of imprisonment will not serve the interest of protection of the public, specific deterrence, or rehabilitation. *See, United States v. Clay,* 483 F.3d 739, 745 (11th Cir. 2007) (recognizing the focus on risk of recidivism and the "characteristics of the defendant" in the judicial gauging of "objective risk management" concerns).

It is submitted that Brandon Tardibone's low risk of recidivism and a correspondingly lesser need of incapacitation to protect the public weighs in favor of a downward variance.

**Lack of Dependance upon Criminal Activity for a Livelihood**

The United States Sentencing Commission has stated in a policy statement §5H1.9, that the degree to which a defendant depends upon criminal activity for a livelihood is relevant in determining the appropriate sentence.

It is submitted that the Defendant's employment history before becoming involved in this criminal conduct as well as his lack of a criminal history, demonstrates that he has not been dependent upon criminal activity for his livelihood.

**The Need for Individualized Sentencing**

The United States Supreme Court in *Pepper v. United States,* 131 S.Ct. 1229 (2011), emphasized the need for individualized sentencing based not only on the crime, but on the particular defendant as well. They said that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Citing: *Gall v. United States*, 128 S.Ct. 586, 589 (2007).

As this Honorable Court is well-aware, the Court has full authority to consider any evidence in deciding whether the Guidelines "properly reflect §3553(a) considerations." *Rita v. United States,* 551 U.S. 338, 351 (2007).

The Supreme Court has expressly directed sentencing courts that they may not presume that the guidelines range is reasonable. *Gall v. United States,* 128 S. Ct. 586 (2007). Rather, sentencing courts are directed to make an "individualized assessment" of the sentence warranted

by §3553(a) "based on the facts presented." *Gall v. United States,* 128 S. Ct. at 597 (2007). The result is that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). Ultimately, courts are required to impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote general and specific deterrence, rehabilitate the defendant, and protect the public. 18 U.S.C. §3553(a).

## CONCLUSION

It is respectfully submitted that there is a well-founded basis upon which this Court may grant this request for a downward variance, which will reflect the seriousness of the offense; promote respect for the law and provide just punishment for the offense.

Additionally, such a variance would afford a more than adequate deterrence to any future criminal conduct of the Defendant and protect the public as well. In sum and substance, such a sentence would be in accord with the principles set forth in Title 18 U.S.C. §3553.

It is respectfully submitted that Brandon Tardibone, who is presently twenty nine (29) years of age, with a successful business from which to pay restitution, deserves another chance to be a productive law-abiding member of society at the earliest time possible.

A sentence below the advisory guideline range in this instance would be sufficient, but not greater than necessary, to comply with the sentencing goals set forth in Title 18 U.S.C.A. §3553(2)(A-D).

**WHEREFORE**, Defendant, **BRANDON TARDIBONE,** respectfully prays that this Honorable Court enter its order granting the within Motion for a Downward Variance, and thereby impose a sentence below the Government's recommendation of a 30% reduction from the low-end of the advisory sentencing guideline range.

Respectfully submitted,

Tyler Andrew Trumbach, Esq.
Law Offices of Tyler A. Trumbach, P.A.
3400 Lakeside Drive
Suite 100
Miramar, FL 33027
Telephone: (954) 533-2987
Email: ttrumbach@trumbachlaw.com
*Counsel for Defendant*

*s/*Tyler Andrew Trumbach
Tyler Andrew Trumbach, Esq.

Mauricio Padilla, Esq.
Padilla Law Group
14 NE 1st Ave
Suite 300
Miami, FL 33132
Telephone: (305) 856-1777
Email: mp@miaesq.com
*Counsel for Defendant*

*s/*Mauricio Padilla
Mauricio Padilla, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 25 day of October, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Tyler Andrew Trumbach, Esq.
Law Offices of Tyler A. Trumbach, P.A.
3400 Lakeside Drive
Suite 100
Miramar, FL 33027
Telephone: (954) 533-2987
Email: ttrumbach@trumbachlaw.com
*Counsel for Defendant*

*s/*Tyler Andrew Trumbach

Tyler Andrew Trumbach, Esq.